# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### GREENSBORO DIVISION

|  |  |  |
|---|---|---|
| **OCTAVIA CAMBRIDGE,** | ) | |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) | CASE NO. 1:26CV571 |
| **HUMANA INSURANCE COMPANY,** | ) ) | |
| *Defendant.* | ) ) | |

## <u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO <br>DISMISS</u>

COMES NOW Defendant Humana Insurance Co. ("Humana"), by and through undersigned counsel, and respectfully files this Memorandum of Law in Support of its Motion to Dismiss Plaintiff Octavia Cambridge's Complaint pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. Alternatively, Humana submits that Plaintiff's Complaint must be dismissed pursuant to Rule 10(b)'s requirement that "[a] party must state its claims or defenses in numbered paragraphs." For the reasons set forth below, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice.

## <u>INTRODUCTION</u>

*Pro se* Plaintiff Octavia Cambridge is a former Humana employee who, following her termination, filed the instant lawsuit against Humana based on purely conclusory speculation. Her Complaint should be dismissed for several reasons.

First, Plaintiff failed to properly serve Humana with process as required by the Federal Rules of Civil Procedure. Moreover, because Plaintiff failed to serve Humana with a copy of the Complaint, this Court cannot exercise personal jurisdiction over Humana, which is a separate reason for dismissal in its own right.

Second, even if Plaintiff had properly served Humana (which she did not), her Complaint should still be dismissed with prejudice because she has not alleged a plausible claim under the ADA, whether it be for failure to provide accommodations, discrimination, or retaliation. Put simply, Plaintiff's purely conclusory allegations are far from sufficient to survive a Rule 12(b)(6) motion to dismiss.

Finally, even if the Court were to set Plaintiff's procedural and substantive deficiencies aside altogether, the Court should, at a minimum, order her to replead her Complaint to comply with Federal Rule of Civil Procedure 10(b). As currently drafted, the Complaint's "Statement of Facts" does not contain any numbered paragraphs, let alone paragraphs that are "limited as far as practicable to a single set of circumstances." Without numbered paragraphs, Humana cannot provide a meaningful Answer or responsive pleading to the Complaint.

For these reasons and those set forth in more detail below, Humana respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice.

**<u>BACKGROUND</u>**

Plaintiff filed the instant Complaint on June 22, 2026, purporting to allege violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112, *et seq.* (D.E. 2,

Complaint ("Compl.").  Plaintiff alleges that she was a Humana employee from August 2024 through October 3, 2025.[1]  While she alleges that she performed her job duties satisfactorily, she claims that she began experiencing unequal treatment beginning in August 2024 (i.e., from the onset of her employment) and that, within a few months, her work environment "became increasingly hostile."  She further alleges that, in or around July 2025, she "was placed on a performance-related warning" that she believes "was connected to prior workplace treatment and protected activity."  She also claims to have, at some point, "disclosed a[n unidentified] disability to Defendant and requested [unidentified] reasonable accommodations," which Humana failed to provide.  Humana terminated Plaintiff's employment on October 3, 2025.

Plaintiff attempted to serve Humana with process in this case on July 13, 2026, via a process server.  (*See* Ex. 1, Declaration of Lauren Williamson ("Williamson Decl."), ¶ 6.)[2]  However, the process server only provided Humana with a copy of the Summons in this case.  As of this filing, Humana has not been served with a copy of the applicable Complaint.

---

[1] As noted in § III, *supra*, Plaintiff did not include paragraph numbers in her Complaint. As such, the following allegations are taken from the Statement of Facts of the Complaint, which can be found in § III on page 7 of the Complaint.

[2] "In considering issues of service, '[a] trial court may consider evidence by affidavit . . . without converting the proceeding to one for summary judgment.'" *Payne v. Nat'l Jewelry & Pawn, Inc.*, No. 1:25CV24, 2025 WL 2462769, at *3 n.1 (M.D.N.C. July 28, 2025) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

**ARGUMENT**

## I. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE SHE DID NOT SERVE HUMANA WITH A COPY OF THE COMPLAINT.

Proper process and service of process are both necessary procedural requirements under the Federal Rules of Civil Procedure. A motion to dismiss under Federal Rule 12(b)(4) challenges the sufficiency of process (i.e., addresses issues with the sufficiency of the form of the process, rather than the manner or method by which it is served), while Federal Rule 12(b)(5) motions challenge the sufficiency of service of process (i.e., challenges the mode of delivery or the lack of delivery of the summons and complaint). *See* Fed. R. Civ. P. 12(b)(4), (5); *Davies v. Jobs & Adverts Online, Gmbh*, 94 F. Supp. 2d 719, 721 n.5 (E.D. Va. 2000) (citing Wright & Miller, Fed. Prac. & Proc. § 1353 (2d 1990)); *Richardson v. Roberts*, 355 F. Supp. 3d 367, 370 (E.D.N.C. 2019); *Washington v. Cedar Fair*, L.P., No. 3:22-CV-244-MOC-DSC, 2023 WL 1456294, at *2 (W.D.N.C. Feb. 1, 2023).  The plaintiff bears the burden of establishing proper service.  *Dalenko v. Stephens*, 917 F. Supp. 2d 535, 542 (E.D.N.C. 2013); *see also Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993) (holding that the plaintiff must prove service of process, if challenged).

"The court lacks personal jurisdiction over a defendant that has not been served properly." *Hammonds v. Dep't of Transp. of Div. of Motor Vehicles*, NO. 7:19-CV-72-FL, 2019 WL 5957178, at *1 (E.D.N.C. Nov. 12, 2019) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)).  Federal Rule of Civil Procedure 12(b)(2) "provides for dismissal where the court lacks personal jurisdiction over a particular named

4

defendant." *Protocol, LLC v. Henderson*, 18 F. Supp. 3d 689, 694 (M.D.N.C. 2014). When a defendant properly challenges the court's personal jurisdiction through a Rule 12(b)(2) motion, "the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

Here, Plaintiff's Complaint must be dismissed pursuant to Rules 12(b)(2), 12(b)(4), and 12(b)(5) because she did not properly serve Humana. In order to properly serve a corporate defendant, such as Humana, a plaintiff must "deliver[] a copy of the summons **<u>and of the complaint</u>** to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mail[] a copy of each to the defendant." Fed. R. Civ. P. 4(h) (emphasis added). Actual knowledge of a lawsuit and the contents of a complaint are insufficient to warrant proper service. *See Follum v. N.C. State. Univ.*, NO. 5:08-CV-526-FL, 2009 WL 2869927, at *2 (E.D.N.C. Aug. 31, 2009) (noting that a defendant need not demonstrate "a lack of actual knowledge of the pending lawsuit as a prerequisite for moving to dismiss under Rule 12(b)(5)," as "[t]o do so would be to destroy the vehicle Rule 12(b)(5) provides to defendants to move for dismissal for improper service of process").

Here, while Plaintiff served a copy of the Summons in this case to Humana, she did not serve Humana with a copy of the Complaint. (*See* Williamson Decl., ¶ 6.) In other words, Plaintiff's attempt at serving Humana in this case patently failed to comply with the

plain requirements of Federal Rule of Civil Procedure 4(h). Because Plaintiff failed to properly serve Humana with process, her Complaint should be dismissed pursuant to Rules 12(b)(4) and (5), as well as pursuant to Rule 12(b)(2) for lack of personal jurisdiction. *Hammonds*, 2019 WL 5957178, at \*1; *Torres v. Duke Energy*, No. 5:22-CV-369, 2023 WL 2145500, at \*3 (E.D.N.C. Feb. 21, 2023) (citations omitted) ("Where the plaintiff in an action has failed to comply with procedural requirements for proper process or service of process, a court may not exercise personal jurisdiction over the defendant.").

## II. EVEN IF IT WERE PROPERLY SERVED, PLAINTIFF'S COMPLAINT IS SUBJECT TO DISMISSAL BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Moreover, even if the Court were to ignore Plaintiff's deficient service altogether, her Complaint must still be dismissed because it fails to state a plausible claim for relief. "[T]o survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Mezu v. Morgan State Univ.*, 367 F. App'x 385, 388 (4th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotations omitted). Thus, to avoid dismissal at the pleading stage, the complaint must contain well-pleaded factual allegations that plausibly give rise to an entitlement to relief. *Id.*

The Supreme Court's decisions in *Twombly* and *Iqbal* emphasize that even under a notice pleading standard, a complaint must contain sufficient evidentiary facts to raise a plausible – as opposed to just possible – inference that the plaintiff is entitled to relief.

6

*Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678–80. In doing so, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Additionally, the complaint must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (internal citations omitted). The Court is not bound by a plaintiff's legal conclusions as the purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the complaint. *Estate Const. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 218 (4th Cir. 1994) (citation omitted); *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994) (citation omitted). While *pro se* pleadings are construed liberally, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020); *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015) (affirming the dismissal of several of *pro se* plaintiff's claims for failure to allege sufficient facts).

Here, Plaintiff's Complaint alleges several variations of ADA discrimination and retaliation – although none of which are plausibly alleged in sufficient detail to survive a motion to dismiss. Briefly, Title I of the ADA prohibits certain employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The ADA requires employers to "mak[e] reasonable

7

accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the [employer's] business." *Id.* § 12112(b)(5)(A). The ADA defines "disability" to include: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). Title V of the ADA prohibits employers from "discriminat[ing] against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a).

Here, Plaintiff's Complaint alleges in conclusory fashion that she is disabled, that she requested an accommodation that was denied, and that she was terminated for said accommodation request. However, she does not provide <u>*any*</u> factual allegations as to what her disability was or why she was a qualified individual under the ADA, what accommodation she requested and whether it would have had an undue impact on Defendant's operations, or even allege when she requested an accommodation. Courts regularly dismiss ADA complaints that are missing these very facts. *See, e.g.*, *Smith v. Va. Dep't of Agriculture & Consumer Servs.*, No. 3:12cv77, 2012 WL 2401749, at *9 (E.D. Va. June 25, 2012) (dismissing ADA claims where plaintiff's complaint "did not identify the mental condition and made no allegations as to the extent of her mental condition or

8

the effect it has on major life activities"); *Kimbrough v. Mayor & City Council of Baltimore*, No. 25-2187-BAH, 2026 WL 2124003, at *4 (D. Md. June 23, 2026) (dismissing ADA failure to accommodate claim where the plaintiff "does not identify what her disability is" and "does not describe if or how her disability limits a major life activity"); *Rankin v. Appalachian Power Co.*, No. 6:14-cv-0047, 2015 WL 412850, at *2 (W.D. Va. Jan. 30, 2015) (dismissing ADA claim that relied on conclusory allegations); *Rubino v. New Acton Mobile Indus., LLC*, 44 F. Supp. 3d 616, 622–23 (D. Md. 2014) (dismissing an ADA claim because the plaintiff failed to plausibly allege he was a qualified individual with a disability); *Nelson v. Emergent BioSolutions Inc.*, No.: DLB-20-3541, 2022 WL 991395, at *7–8 (D. Md. Mar. 31, 2022) (dismissing ADA claims where plaintiff did not "allege the *kind* of discrimination or the *facts* giving rise to the retaliation" nor that "she was a qualified individual within the meaning of the ADA" (emphasis in original)).

The Court should do the same here. Because Plaintiff's Complaint contains only conclusory allegations to support her various ADA claims and, as such, does not plausibly allege any of them, Humana respectfully requests that the Court dismiss her Complaint with prejudice.

## III. ALTERNATIVELY, PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT DOES NOT COMPLY WITH RULE 10(b).

Even if the Court were to find that Plaintiff had properly served Humana (which it should not), Plaintiff's Complaint should still be dismissed because it does not comply with Federal Rule of Civil Procedure 10(b). Under Rule 10(b), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of

9

circumstances." Here, Plaintiff's Complaint includes one section titled "Statement of Facts," which does not contain any numbered paragraphs. As a result, Humana cannot meaningfully respond to the allegations in Plaintiff's Complaint with a responsive pleading that complies with the Federal Rules of Procedure. As such, even if the Court were to find that service was proper, the Complaint must still be dismissed. *See R.H. v. Mina Charter Sch. of Lee Cnty.*, No. 1:24CV00160, 2024 WL 4564549, at *3 (M.D.N.C. Oct. 24, 2024) (dismissing *pro se* complaint that did not state claims in numbered paragraphs, among other deficiencies).

## CONCLUSION

For these reasons, Humana respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice.

Dated this the 3rd day of August, 2026.

Respectfully Submitted,

*/s/ Benjamin R. Holland*
Benjamin R. Holland (N.C. Bar. # 28580)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC 28244
Telephone: 704-405-3135
Facsimile: 704-342-4379
Email: benjamin.holland@ogletree.com

*Attorney for Defendant*

## <u>CERTIFICATE OF COMPLIANCE</u>

It is hereby certified that the foregoing Memorandum in Support of Motion to Dismiss complies with the limitations set forth in LR 7.3(d)(1), and all other requirements in the Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina.

/s/ Benjamin R. Holland
Benjamin R. Holland (N.C. Bar. # 28580)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC  28244
Telephone:  704-405-3135
Facsimile:  704-342-4379
Email: benjamin.holland@ogletree.com

11

<strong><u>CERTIFICATE OF SERVICE</u></strong>

It is hereby certified that on August 3rd, 2026, I electronically filed the foregoing Memorandum in Support of Defendant's Motion to Dismiss with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the below individual, and will serve the below individual via U.S. certified mail, return receipt requested:

Octavia Cambridge
5603 W Friendly Ave, Ste. B PMB #157
Greensboro, NC 27410

*Pro se Plaintiff*

This is the 3rd day of August, 2026.

*/s/ Benjamin R. Holland*
Benjamin R. Holland (N.C. Bar. # 28580)
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC  28244
Telephone:  704-405-3135
Facsimile:  704-342-4379
Email: benjamin.holland@ogletree.com

*Attorney for Defendant*

12